IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02304-REB-BNB

LOREN J. RANDALL,

Plaintiff,

v.

THE COLORADO STATE PATROL,
THE ARAPAHOE COUNTY SHERRIFF'S [sic] OFFICE, and
THE ARAPAHOE HOUSE,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

The plaintiff commenced this action on September 28, 2009, by filing a Complaint [Doc. #1]. On October 5, 2009, I ordered the plaintiff to file proofs of service on or before January 28, 2010 [Doc. #3].

Apparently in response to my order, on January 28, 2010, the plaintiff filed a Return of Service which indicates that copies of the Summons and Complaint were left with the "Secretary of the Colorado Attorney General" on an unspecified date [Doc. #4]. On January 29, 2010, the plaintiff filed a Return of Service which indicates that copies of the Summons and Complaint were left at the "Commissioner's Office" in Littleton, Colorado, on an unspecified date [Doc. #5]. No Return of Service has been filed concerning Arapahoe House.

The plaintiff is suing the Colorado State Patrol. Under the Federal Rules of Civil Procedure:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer, or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Under the Colorado Rules of Civil Procedure, service on a department or agency of the state (which is subject to suit) is accomplished by delivering a copy of the summons and complaint "to the principal officer, chief clerk, or other executive employee thereof, **and** by delivering a copy to the attorney general."  Colo. R. Civ. P. 4(e)(10)(B) (emphasis added).

It appears that the plaintiff has delivered a copy of the Summons and Complaint to the secretary of the Attorney General [Doc. #4], but there is nothing in the record to indicate that service has otherwise been accomplished on the "principal officer, chief clerk, or other executive employee" of the Colorado State Patrol, as required.

The plaintiff also is suing the Arapahoe County Sheriff's Office.  A suit against the Arapahoe County Sheriff's Department is really a suit against Arapahoe County.  See Stump v. Gates, 777 F. Supp. 808, 814-16 (D. Colo.1991), aff'd, 986 F.2d 1429 (10th Cir.1993) (stating that "[u]nder Colorado law municipalities and counties, not their various subsidiary departments, exist as 'bodies corporate and politic' empowered to 'sue and be sued,'" citing sections 31-15-101(1)(a) and 30-11-101(1)(a), C.R.S.)[1]  Service on a county is accomplished by delivering a

---

[1]Section 31-15-101(1)(a) provides that municipalities "[s]hall be bodies politic and corporate, under such name as they are organized" and "[m]ay sue and be sued."  Section 30-11-101(1)(a) provides that [e]ach organized county within the state shall be a body corporate and

copy of the Summons and Complaint "to the county clerk, chief deputy, or county commissioner." Colo. R. Civ. P. 4(e)(7). Although the Return of Service on Arapahoe County indicates that the Summons and Complaint were left at the "Commissioner's Office," there is no indication on whom, if anyone, service actually was made.

The Complaint alleges that Arapahoe House is a corporation "registered and operating in the State of Colorado." *Complaint*, p. 1, ¶ 4. Under the Federal Rules of Civil Procedure, a domestic corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h). The Colorado Rules of Civil Procedure provide for service of a corporation by several means, including "delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state." Colo. R. Civ. P. 4(e)(4). The record does not contain any proof of service on Arapahoe House.

It also appears that the plaintiff has failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

---

politic and as such shall be empowered for the" purpose to "sue and be sued."

extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on January 26, 2010.

I ordered the plaintiff to show cause in writing on or before February 12, 2010, why this case should not be dismissed for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.  D.C.COLO.LCivR 41.1.  I warned the plaintiff that failure to show cause on or before February 12, 2010, could result in my recommendation that this case be dismissed.  The order to show cause was mailed to the plaintiff at his address of record in Greenwood Village.

On February 10, 2010, the envelope containing my order to show cause was returned as undeliverable [Doc. #7], and the plaintiff has not responded to the order.  Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de*

*novo* review by the district court or for appellate review.   <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated February 17, 2010.

                            BY THE COURT:

                             s/ Boyd N. Boland
                            United States Magistrate Judge